Howe, Appellant, *v.* Howe.

Argued March 22, 1929.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

*Philip N. Shettig,* with him *Harry Doerr,* for appellant.—Contracts between husband and wife are regarded by equity with the same scrutiny as contracts between attorney and client: Darlington's App., 86 Pa. 512; Campbell's App., 80 Pa. 298; Odenwelder's Est., 1 Pa. Superior Ct. 345; Nichols v. Nichols, 149 Pa. 172; Bierer's App., 92 Pa. 266; Kline v. Kline, 57 Pa. 120; Haberman's Est., 239 Pa. 10; Neely's App., 124 Pa. 406; Young's Est., 202 Pa. 431.

Even if the two-witness rule should be held applicable, Nannie Fulton Howe has brought her proof well within its requirements: Morrish v. Morrish, 262 Pa. 192.

*F. J. Hartmann,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 15, 1929:

On April 4, 1923, the plaintiff, Nannie West Fulton Howe, and her husband, David Howe, entered into a written contract with one another by the terms of which he agreed to turn over to her an account which he was carrying with a well-known firm of brokers in Philadelphia, also a number of named securities and his interest in certain designated real estate and personal effects; she agreed to convey to the Johnstown Trust Company, "for her husband," several pieces of real estate, some mortgages and an Oldsmobile car.

After mention of the brokers' account and enumeration of the securities which Howe was to transfer to his wife, the contract contains the following clause: "The securities mentioned in this and the preceding paragraph, together with such securities which said David Howe has heretofore delivered to his wife, are all the securities in his possession which at any time and now belong to his wife."

Instead of abiding by this written agreement, Mrs. Howe, on December 5, 1925, filed a bill in equity against her husband and several subordinate defendants, pray-

ing for an accounting by David Howe and that he be declared a trustee, for her, of all the "moneys, securities and other properties" belonging to her which had "come into his possession." After hearing on bill and answer, the court below entered a decree nisi, to the effect that plaintiff and the principal defendant should carry out the contract between them by "the execution and delivery to each, respectively," of all papers necessary to that end. Exceptions were filed, the decree was made final, and this appeal by plaintiff followed.

Appellant contends that the above quoted clause from the written agreement, wherein it is stated that the securities mentioned "are all of the securities in his possession which at any time and now belong to his wife," should be construed as a covenant on the part of defendant that, aside from such securities as he had previously delivered to her, at the time of signing the contract he had possession of all the securities belonging to his wife which he had at any time handled for her, including certain stocks not mentioned in the agreement. This contention cannot be sustained because the words employed (written and inserted in the agreement by the attorney for Mrs. Howe) plainly state that the securities referred to are the only ones "in his possession" belonging to his wife, not that they include all of the securities which had belonged to her. But, counsel for appellant contends that, since plaintiff testified that she signed the agreement "in the belief" that "the effect of the clause [in question] was to render it a covenant on the part of David Howe that his wife would receive through the execution of the paper all of her securities," the contract ought to be construed accordingly; and, if it cannot be so construed, then the court should decree that Mrs. Howe is not bound by it. This contention is based on the close personal relation supposed to exist between husband and wife, and on the fact that Howe failed to make it affirmatively appear he had expressly disclosed to his wife that it was not his intention to re-

turn to her all of the securities which she expected to get back. In the first place, from the evidence of plaintiff herself, it is inconceivable that she could have believed it possible for Howe to return all of the securities in question to her; and, next, the proofs show that this is not a case where the parties were dealing in that confidential way with one another which required the husband to show that he had disclosed facts which should have cleared from his wife's mind even unwarranted beliefs. On the contrary, the record shows that, on January 20, 1923, some months prior to the date of the contract here in question, Mr. and Mrs. Howe separated, and never lived together thereafter. Mrs. Howe herself testified that her husband deserted her at that time, and afterwards refused to come back and live with her; further, she admitted that when he did return to the place where she resided, she had him arrested upon several charges, among others "threats" and "malicious mischief," because, as she alleged, he tried to break into the house in which she was living. All this occurred shortly before the making of the contract between them, and, when it was entered into, they were, plainly, dealing at arm's length. Mrs. Howe not only had her attorney to advise and protect her interests, but also had a qualified business adviser, the latter testifying that she always knew the agreement did not cover all of the securities now claimed by her, and that at no time during the negotiation of this contract did David Howe urge its acceptance upon his wife.

The court below found that "no advantage whatever was taken of the complainant in order to have her agree to and execute the said agreement of settlement," and that it was "made in settlement of the differences between the complainant and her husband." On these findings, the court concluded that the agreement in question was "a good, valid, binding contract," which "determines and settles all the matters complained of in the bill and set up in the answer."

Counsel for appellant expressly concede, in their brief, that the document with which we are here dealing was "intended to operate as a settlement between the parties"; and of this there can be no question. After reading the voluminous testimony, examining all the exhibits, considering the pleadings and the arguments of counsel, we are not convinced that, on the facts of this case, the court below erred in holding the parties to the terms of the settlement evidenced by their written contract.

It would serve no useful purpose to discuss the thirty-four assignments of error in detail; they are all overruled.

The decree appealed from is affirmed at cost of appellant.